# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2021

Lyle W. Cayce
Clerk

No. 21-50065
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCISO ARROYO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-675-15

Before JONES, DUNCAN, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Francisco Arroyo, federal prisoner # 87558-280, is serving a 240-month sentence pursuant to his guilty-plea conviction for conspiracy to conduct the affairs of an enterprise through a pattern of racketeering. He has moved to proceed in forma pauperis (IFP) to appeal the denial of his 18

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

U.S.C. § 3582(c)(1)(A)(i) motion for reduction of sentence to time served, requesting that he be granted compassionate release on account of "extraordinary and compelling reasons" created by COVID-19. He contends that he is at high risk for developing severe complications from the virus on account of his morbid obesity and sleep apnea and that his release from custody is warranted given his self-professed rehabilitation, the non-violent nature of his offense, and the alleged failure of the Bureau of Prisons to credit him with 13 months of time served in state custody.

The district court, pretermitting the issue whether Arroyo had exhausted administrative remedies, denied the motion, determining that the balance of the 18 U.S.C. § 3553(a) factors disfavored a sentence reduction. Citing its order denying relief on the merits, the district court denied Arroyo permission to proceed IFP because the appeal failed to present a good-faith, nonfrivolous issue. By moving in this court to proceed IFP, Arroyo challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

We review the denial of a motion for compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court weighed the § 3553(a) factors based on record evidence that revealed the following: (1) Arroyo is receiving appropriate, effective treatment for his sleep apnea and obesity in prison; (2) Arroyo's underlying crime was first degree murder; (3) Arroyo was sentenced well below the advisory guidelines range of 360 months to life and served less than half of his sentence, even with an additional 13 months of credit; (4) Arroyo had engaged in the drug trade during the majority of his adult life and had committed the instant offense while on state parole for possession of over

No. 21-50065

400 grams of cocaine. *See* § 3553(a)(2)(D), (a)(3)-(6). Arroyo's argument that he is entitled to compassionate release amounts only to a disagreement with the district court's discretionary balancing of the § 3553(a) factors, which is "not a sufficient ground for reversal." *See Chambliss*, 948 F.3d at 694; *United States v. Thompson*, 984 F.3d 431, 434-35 (5th Cir.), *cert. denied*, 2021 WL 2044647 (U.S. May 24, 2021) (No. 20-7832). Consequently, Arroyo has not identified a nonfrivolous issue for appeal. *See Howard*, 707 F.2d 220-21.

Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *see also* 5TH CIR. R. 42.2.